```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :     CRIMINAL ACTION
                               :
          v.                   :
                               :
MARK WRIGHT                    :     NO. 93-386-5
```

MEMORANDUM

Bartle, C.J.                                          June 3, 2008

       Before the court is the motion of Mark Wright for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

       On February 25, 1994, a jury convicted Wright of conspiracy to distribute in excess of 50 grams of cocaine base and possession with intent to distribute more than 5 grams of cocaine base.  During Wright's sentencing hearing on June 20, 1994, the court found that he was responsible for the distribution of more than 97 kilograms of cocaine base, which resulted in a base offense level of 42 under the applicable version of the Guidelines.  After a six-level enhancement that included one level for drug trafficking activity near a school, two levels for possession of a gun during drug trafficking activity, and three levels for Wright's role in the offense, Wright received a total offense level of 48.  The court sentenced him to the Guidelines range of life imprisonment.  Our Court of Appeals affirmed the conviction and sentence on April 27, 1995. In 1998, based on Wright's motion for a reduction of sentence, the court found that Wright should not have received a three-

level enhancement for his role in the offense and that a 1996 Guidelines amendment warranted an additional four-level reduction of Wright's base offense level, all of which resulted in a total offense level of 41 and a revised Guidelines range of 360 months to life imprisonment.  The court decreased Wright's sentence to 360 months imprisonment.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Wright relies on the Sentencing Commission's adoption of Amendment 706, which lowers retroactively the Guidelines range for possession and distribution of certain amounts of crack cocaine.  Prior to the adoption of Amendment 706, the Sentencing Guidelines assigned offense level 38 to any quantity of cocaine base of 1.5 kilograms or more.  The amended Guidelines now assign offense level 38 only to a quantity of cocaine base of 4.5 kilograms or more.  U.S.S.G. § 2D1.1(c)(1).

Here, the court found that Wright distributed over 97 kilograms of cocaine base.  Thus, Wright would have received a base offense level of 38 and a total offense level of 41 even under the amended guidelines.  Because Wright was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a sentence reduction under § 3582(c)(2).  See,

e.g., United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008); United States v. Harris, Crim. No. 98-80, 2008 WL 1342995 (E.D. Pa. Apr. 8, 2008).

We further find that Wright's arguments based on Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), are meritless. Our Court of Appeals has explained that when a district court hears a motion under § 3582, its discretion is "contrain[ed] to the retroactive amendment at issue ..." because a reduction pursuant to § 3582 does not constitute a "full resentencing." United States v. McBride, 283 F.3d 612 (3d Cir. 2002). We agree with the courts that have since extended such reasoning to deny application of Booker and Kimbrough on motions under § 3582(c)(2). See United States v. Troup, Crim. No. 06-134, 2008 WL 2222193 (M.D. Fla. May 27, 2008); United States v. Roberson, Crim. No. 88-173, 2008 WL 2020209 (M.D. Pa. May 8, 2008); United States v. Cruz, Crim. No. 02-725, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008).

Accordingly, we will deny Wright's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :     CRIMINAL ACTION
                               :
          v.                   :
                               :
MARK WRIGHT                    :     NO. 93-386-5
```

ORDER

AND NOW, this 3rd day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Mark Wright for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

                                                BY THE COURT:

                                                /s/ Harvey Bartle III
                                                                  C.J.