```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :       CRIMINAL ACTION
                               :
         v.                    :
                               :
MARK WRIGHT                    :       NO. 93-386-5
```

MEMORANDUM

Bartle, J.                                              May 8, 2012

        Before the court is the motion of pro se defendant Mark Wright ("Wright") for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.

        On February 25, 1994, Wright was convicted by a jury of: (1) one count of conspiracy to distribute more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; and (2) one count of possession with intent to distribute more than five grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1).

        Wright was sentenced on June 20, 1994. This court calculated Wright's base offense level as 42 based on its finding that Wright was responsible for the distribution of 97 kilograms of crack. Wright was subject to a one-level adjustment because the drug trafficking activity took place near a school, a two-level adjustment for possession of a gun during the drug trafficking activity, and a three-level adjustment for playing a managerial role in the offense. These adjustments resulted in a

total offense level of 43, the highest offense level available under the Sentencing Guidelines in effect at the time.  Wright's criminal history category was III.  As a result, Wright's guidelines sentencing range was life imprisonment, which this court imposed.  The Court of Appeals for the Third Circuit affirmed Wright's conviction and sentence.  See United States v. Rivers, 54 F.3d 770 (3d Cir. 1995).

In April, 1998, this court resentenced Wright pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 505 to the Sentencing Guidelines, which reduced the maximum base offense level for all drug offenses to 38.  We further found that Wright did not have a managerial role in the conspiracy and thus should not have received a three-level offense level enhancement.  With these adjustments, Wright's total offense level was 41 and his guidelines sentencing range was 360 months' to life imprisonment.  This court imposed a sentence of 360 months' imprisonment.

In March, 2008, Wright filed a motion pro se for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for most crack cocaine offenses.  Specifically, the amendment increased the threshold quantity for the applicable maximum base offense level from 1.5 kilograms to 4.5 kilograms of crack.  On June 3, 2008, this court denied the motion of Wright.  We found that, because Wright had been responsible for more than 97 kilograms of crack, his base offense level remained 38 and he was therefore ineligible for relief

under Amendment 706.  Our Court of Appeals affirmed this judgment.  See United States v. Wright, 322 F. App'x 148 (3d Cir. 2009).

Wright now moves for a second reduction in his sentence pursuant to § 3582(c)(2) and Amendment 750, which further reduced the base offense levels for most crack offenses and was made retroactive effective November 1, 2011.  Title 18 U.S.C. § 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In § 1B1.10 of the Sentencing Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to § 3582(c)(2).  Amendment 750 is one of the amendments expressly listed in that section.  See U.S.S.G. § 1B1.10(c).

However, § 1B1.10 also states:  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment ... does not have the effect of lowering the defendant's applicable guideline range."  Amendment 750 raised the threshold quantity of crack necessary for the maximum base offense level of 38 from 4.5 kilograms to 8.4

kilograms. As discussed above, this court previously found that Wright was responsible for 97 kilograms of crack, an amount well over the new threshold. Because Amendment 750 does not have the effect of lowering Wright's applicable guideline range, it is inapplicable to his sentence. Wright's arguments to the contrary are unavailing.

Accordingly, the motion of the defendant for reduction of sentence will be denied.